HAYNE, administrator, *vs.* DUNLAP *et al.*

[This case was argued at the last term, and the decision reserved ]

A will contained the following item: " I give, bequeath and devise unto my beloved wife, Mary Ann, and children, five lots of land (describing them), with all the rights, members and appurtenances to said lots of land in any wise appertaining, free from any charge or limitation whatever, when the youngest child becomes of age, the proceeds to be divided equally between my wife an children." By another item, authority was given to the executrix to sell one of the lots to pay debts, if she did not have funds enough to do otherwise:

*Held,* that the intention of the testator was that the *corpus* of the property should be held together until the youngest child became of age, and that it should then be sold, and the proceeds should bed equally divided, without reference to any disposition that may havo been made of the income of the estate prior to the sale, and without charging the share of each child with the amount expended from the income for it prior to the division.

February 19, 1884.

Wills. Estates. Legacies. Before Judge HAMMOND. Fulton Superior Court. October Term, 1882.

Reported in the decision.

HOPKINS & GLENN, for plaintiffs in error.

HOKE SMITH, for defendants.

JACKSON, Chief Justice.

This is a bill for direction brought by the administrator *de bonis non cum testamento annexo* of the estate of W. J. Small against the legatees under the will, to determine how the third item shall be construed in the division of property bequeathed or devised thereunder. That item is as follows:

" I give, bequeath and devise to my beloved wife, Mary Ann, and children, five lots of land (describing them), with all the rights, members and appurtenances to said lots of land in any wise apper-

taining, free from any charge and limitation whatever, when the youngest child becomes of age, the proceeds to be divided equally between my wife and children."

The contention is, whether the intention of the testator was to keep the *corpus* together until the youngest child became of age, with the right of the family, as a family, to subsist upon the income, without accounting individually therefor, or was an account of the expenditure of each child to be set off against the share of each to the *corpus* when sold and divided?

The court below held and decreed as follows:

"After reading and considering the foregoing bill and answer and hearing argument of counsel, it is considered, ordered, adjudged and decreed that the true construction of the will, about which direction is sought in said bill, is as follows: The words, "free from any charge or limitation whatever," were intended by the testator simply to mean that he did not create any charge or limitation on the estate given, and that he intended for the devisees to take an absolute fee-simple estate. The words "when the youngest child becomes of age the proceeds to be divided equally between my wife and children," mean that there was to be a sale of the land when the youngest child became of age, and that the proceeds of that sale were to be equally divided. The word "proceeds" does not refer to the income of the estate up to the time when the youngest child came of age, but refers alone to the proceeds of a sale of the property named, evidently contemplated by the testator."

Some objection having been made to the verbiage of this decree as written above, it was so changed as to decide, beyond dispute, that the proceeds of the sale of the land should be divided, "without reference to any disposition that may have been made of the income of the estate," prior to the sale of the lands, its *corpus.* *

By the fourth item, the executrix, who was the widow, was clothed with authority to sell No. 53, one of the lots, to pay debts, if she had not funds enough otherwise, which she did sell and apply. The other lots, thus left as the *corpus* of the estate, have been sold by the administrator *de bonis non*, the complainant in this bill, and he asks

---

*To this decree, as amended, the administrator excepted.

how to divide the proceeds of this sale. The question, therefore, is, shall this fund be divided equally between the children, it being the proceeds of the sale of the *corpus*, and the income by rents having been used in the support of the family together, or is each share to bear the burden of the expenses of its owner up to the time of the division of the proceeds of the sale of the land?

The question of the intention of the testator, from the words of the will, is not free from difficulty, and we have been troubled how to come to a clear view and correct construction of the clause in question. It appears that the leading thought and main object of the will was the preservation of the *corpus*, it being substantially, that is these five lots being substantially, the whole property left to his family. The fourth item confers express authority to sell No. 53, one of the lots, if necessary, to pay the debts— that is, when the income from rents and other means were insufficient, but not before. This shows how averse he was to sell any of the *corpus*. The necessity to pay his debts must first be upon the executrix, and all other funds must be exhausted. No more was to be sold by virtue of his authority in the will, in any event, until the youngest child became of age. To preserve the *corpus*, then, was his main thought. For what purpose? It may reasonably be argued that, as no other purpose is apparent than to keep this property together until the youngest child became of age, his object was to support and educate the younger children out of the common fund, just as the older children had been supported and educated out of it while it was so held together during his lifetime. Thus the property which, in his own hands, had supported and educated the older to an age approaching majority, should be used by his wife, the executrix, to support and educate the little ones up to their majority, too. Thus that equality, which is equity in the heart of a parent, as it is generally in the law of the land, would be carried out by the will, and all his children would derive from the fruit of his toil equal

support during minority and dependence on the family for it. If the testator had intended otherwise, why did he not provide that each child, as she attained her majority or married, should have her share of the property? He has not so provided or intimated. Yet, if the will be construed to mean as contended for by the able and distinguished counsel for plaintiff in error, the effect will be to make that substantially testator's will, because, if the youngest child is to be charged with her support out of her own share, the result to her will be precisely the same as if the elder had hers divided off when she arrived at majority or married.

It is true that the words " free from any charge and limitation," the word " charge " especially, throw doubt on this construction. " Limitation " by itself would not, because its meaning is clear, as laid down by the court below in the decree; but " free from any charge," too, makes the item more puzzling. But do not the words mean without charge when the *corpus* comes to be sold and divided? The words are, " free from any charge and limitation whatever, when the youngest child becomes of age, the proceeds to be divided equally between my wife and children." There is no stop to indicate where another sentence began. Transpose the words, and the meaning is made clearer. The proceeds to be divided equally between my wife and children, free from any charge and limitation whatever, when my youngest child becomes of age. At that time, there is to be no charge for the past expenditures upon anybody. The *corpus* kept together as long as the youngest child is in her minority, is no longer to be kept together; but it is then to be sold, so that it may be divided equally, without charges on any one for the past, and the proceeds of the sale are to be divided then equally between the devisees. The words " free from charge " apply either to a charge upon the whole of the shares together or upon each share. In any event, under any construction, there must be a charge upon the income. Either the entire in-

come or the income of each share must bear it. Constru-ing the whole will together, which shall? We conclude that, considering the intent to preserve the *corpus* and keep it intact until the youngest child becomes of age and the obvious reason for such provision, the support and education of all the children, that the intention of the testator, if he intended "free from charge" to mean any-thing else than what the court below thought the clause meant, was to put that charge on the whole income of the property kept together, and not upon each share.

We conclude thus the more readily, because the prop-erty has been so managed as to make any other division uncertain, if not impracticable; separate accounts not hav-ing been kept of the expenses of each child, except in a few items scattered here and there through the returns; and because, to put the construction on the word "pro-ceeds," as applying to income before the sale of the *corpus* would make the administrator liable to each devisee, as it seems to us, to an extent equal to, if not far beyond, that which the construction we give would charge him with, inasmuch as he could not, under the Code, without a pre-vious order of the court of ordinary, encroach upon the *corpus* of either devisee. Code, §§2540, 1824.

Judgment affirmed.

Cited for plaintiff in error: Code, §§2302, 2459; 4 *Ga.*, 534; 22 *Id.*, 161; 31 *Id.*, 217; 53 *Id.*, 576.

For defendant: Code, §§1824, 2540; 2 Bouv. L. Dic., 379; 2 Abbott L. Dic., 326; Rapalje's L. Dic., 1016; 35 N. Y. S. C., 208